1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

PATRICIA STARK,

Case No.  14-cv-01488-JST

Plaintiff,

8
9

v.

**ORDER STAYING ACTION PENDING JPML ACTION**

10

PFIZER, et al.,

Re: MDL No. 2502

Defendants.

11
12
13

In this products liability action, Defendant Pfizer, Inc. ("Pfizer") moves to stay the case

14

pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML")  as to the transfer of

15

this action to the pending multi-district action, MDL No. 2502 ("Lipitor MDL").  ECF No. 17 at 2.

16

Pfizer also moves to stay this action pending the Ninth Circuit's forthcoming ruling regarding

17

Class Action Fairness Act ("CAFA") "mass action" removal in Romo v. Teva Pharm. USA, Inc.,

18

731 F.3d 918 (9th Cir. 2013), reh'g en banc granted, Romo v. Teva Pharm. USA, Inc., 742 F.3d

19

909 (9th Cir. 2014).  See ECF No. 17 at 2.  Plaintiff opposes the motion and moves to remand the

20

action to the Alameda County Superior Court.  See ECF No. 15 at 1; ECF No. 24 at 2.  For the

21

reasons set forth below, the motion to stay is GRANTED and the motion to remand is DENIED

22

WITHOUT PREJUDICE.

23

**I.    BACKGROUND**

24

Plaintiff filed this action in Alameda County Superior Court on March 17, 2014, for claims

25

arising from injuries allegedly caused by the use of prescription drug Lipitor, which Defendant

26

Pfizer manufactures.  Defendant Pfizer removed this action, together with nearly 100 similar

27
28

United States District Court
Northern District of California

United States District Court
Northern District of California

actions, on the basis of CAFA.[1]  ECF No. 23 at 1.

The JPML established the Lipitor MDL on February 18, 2014, to coordinate the pending federal Lipitor cases.  See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig., MDL No. 2502, Dkt. 103 (J.P.M.L. Feb 18, 2014).  The action here has been identified to the JPML as a potential tag-along action for transfer to the Lipitor MDL.  ECF No. 17 at 1.

Defendants move to stay this action on two grounds.  First, Defendants seek to stay this action pending a final decision by the JPML as to the potential transfer of this action to the Lipitor MDL.  ECF No. 17 at 2.  Additionally, Defendants seek to stay this action pending the Ninth Circuit's decision in Romo, which will determine whether CAFA "mass action" removal is appropriate in these circumstances.  Id.  Plaintiff opposes the motion to stay.  See ECF No. 24.

## II.    LEGAL STANDARD

The Court's power to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  In determining whether a stay is warranted pending transfer by the JPML, courts consider the "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."  Couture v. Hoffman-La Roche, Inc., No. 12-cv-2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (quoting Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

When motions to stay and to remand are pending, "deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system."  Id. (citation and internal quotation

---

[1]Stark filed a motion for remand to state court, alleging that CAFA removal was improper and the parties are not completely diverse.  ECF No. 15 at 2.  Pfizer contends that remand is inappropriate because McKesson was fraudulently joined and therefore the parties are diverse.  ECF No. 23 at 16.  The Court takes no position on this issue at this time in light of the motion to stay.

marks omitted).  In deciding whether to rule on the motion to remand, "courts consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

## III.    DISCUSSION

The Court finds that the above-cited factors weigh in favor of staying this action pending the JPML's final resolution of the transfer petition.  Similar considerations render it appropriate to stay this action pending the Ninth Circuit's decision regarding CAFA "mass action" removal.

The potential prejudice to Plaintiff that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly.  On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed.  As several courts have recognized, staying an action pending a final decision as to whether it should be transferred to an MDL promotes judicial economy.  See, e.g., J.W. v. Pfizer, Inc., 13-cv-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013) (granting a motion to stay on the grounds that staying the action pending a final decision by the JPML would promote judicial economy and lead to "consistent rulings and efficient consideration of common issues").

Likewise, ruling on the propriety of CAFA removal in these circumstances would waste time and resources for the Court and the parties, and could lead to inconsistent rulings on recurring issues of law; the Ninth Circuit's decision in Romo should resolve the legal issues implicated by Plaintiff's motion for remand.  The Sixth Circuit recently stayed an action for similar reasons.  See ECF No. 17, Ex. C ("Because the resolution of the proposed appeals would turn on issues involving the interpretation of the California rules of procedure that are likely to be resolved by the en banc Ninth Circuit [in Romo], we conclude that a stay is warranted until the Ninth Circuit has ruled.").

## IV.    CONCLUSION

Defendants' motion to stay this action pending a final determination by the JPML as to the transferability of this action to MDL No. 2502 and a determination by the Ninth Circuit in Romo

/ / /

/ / /

United States District Court
Northern District of California

3

is GRANTED.  Plaintiffs shall file a motion to lift the stay if the JPML issues a final order denying the requested transfer and after the Ninth Circuit renders a decision in <u>Romo</u>.

      **IT IS SO ORDERED**.

Dated: June 27, 2014

                                  JON S. TIGAR
                            United States District Judge

United States District Court
Northern District of California